TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-09-00176-CV






Shaunquavia Tolbert, Appellant


v.


Texas Department of Family and Protective Services, Appellee







FROM THE DISTRICT COURT OF BELL COUNTY, 146TH JUDICIAL DISTRICT

NO. 224,101-B, HONORABLE RICK MORRIS, JUDGE PRESIDING





M E M O R A N D U M O P I N I O N



 This is an accelerated appeal from an order terminating the parental rights of appellant
Shaunquavia Tolbert to her child A.X.W. Following a de novo trial, the district court found by clear
and convincing evidence that (i) Tolbert had engaged in conduct and knowingly placed her child
with persons who engaged in conduct which endangered the physical and emotional well-being of
the child, (ii) Tolbert failed to comply with provisions of a court order that specifically established
the actions necessary for her to obtain the return of the child who had been in the temporary
managing conservatorship of the Department for not less than nine months as a result of the child's
removal under chapter 262 of the family code for the abuse or neglect of the child, and
(iii) termination of the parent-child relationship between Tolbert and the child was in the best interest
of the child. See Tex. Fam. Code Ann. §§ 161.001, 262.001-.309 (West 2008).

 Tolbert's court-appointed attorney has filed a brief concluding that the appeal is
frivolous and without merit. Counsel's brief meets the requirements of Anders v. California,
386 U.S. 738 (1967), by presenting a professional evaluation of the record demonstrating why there
are no arguable grounds to be advanced. See also Taylor v. Texas Dep't of Protective and
Regulatory Servs., 160 S.W.3d 641, 646-47 (Tex. App.--Austin 2005, pet. denied) (applying Anders
procedure in appeal from termination of parental rights). Tolbert received a copy of counsel's brief
and was advised of her right to examine the appellate record and to file a pro se brief. Tolbert filed
a pro se letter. (1) 

 We have independently examined the record, counsel's brief, and the pro se letter,
and we agree that the appeal is frivolous and without merit. The statutory grounds for termination
were conclusively established. See Tex. Fam. Code Ann. § 161.001(1)(E), (O) (West 2008);
In re J.F.C., 96 S.W.3d 256, 264-65 (Tex. 2002) (standards of review for legal and factual
sufficiency challenges in parental termination cases). Additionally, the evidence was legally and
factually sufficient that termination was in the best interest of the child. See In re J.F.C., 96 S.W.3d
at 264-65; Holley v. Adams, 544 S.W.2d 367, 372 (Tex. 1976) (factors court considers in
determining best interest of child). We find no reversible error in the record. We find nothing in
the record that might arguably support the appeal. The order of termination is affirmed, and
counsel's motion to withdraw is granted. 



 __________________________________________


 Jan P. Patterson, Justice



Before Justices Patterson, Puryear and Pemberton


Affirmed


Filed: September 30, 2009

1. In her letter, Tolbert primarily contends that the Department failed to prove beyond a
reasonable doubt the grounds for termination or that termination was in the child's best interest. The
measure or degree of proof for termination decisions, however, is clear and convincing evidence. 
See Tex. Fam. Code Ann. §§ 161.001, .206(a) (West 2008). "'Clear and convincing evidence'
means the measure or degree of proof that will produce in the mind of the trier of fact a firm belief
or conviction as to the truth of the allegations sought to be established." Id. § 101.007 (West 2008).